# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURTRICE PARRISH,<br><br>    Plaintiff,<br><br>    v.<br><br>STUART SHERMAN, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-01805-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1) |

    Plaintiff Burtrice Parrish, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 19, 2014. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

## II.  Discussion

### A.  Allegations

Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, California, brings this action against Warden Stuart Sherman and Correctional Officers R. Padilla and M. TiBurio.  Plaintiff's claim arises out of the loss of his personal property items following his placement in administrative segregations.  Plaintiff alleges that Defendants Padilla and TiBurio failed to pack him television, extension cord/surge protector, coaxial cable, and fan.  Plaintiff alleges that there is no policy which permits correctional officers to destroy prisoners' property; and Defendants Padilla and TiBurio intentionally destroyed, lost, or misplaced his personal property items.

### B.  Loss of Personal Property Items

Section 1983 claims must be premised on the violation of the Constitution or other federal rights. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).  The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963,

2974 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, the procedural component of the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). In this case, Plaintiff's missing property items were destroyed without authorization, lost, or stolen, and in as much as Plaintiff has an adequate post-deprivation remedy under California law, his attempt to pursue a claim under federal law for the loss of his personal property items fails as a matter of law.[1] *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

### III.  Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983, and the deficiency at issue cannot be cured through amendment.[2] *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

---

[1] Plaintiff's invocation of the substantive component of the Due Process Clause is of no assistance to him, as the facts of this case cannot support a substantive due process claim. *See Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1195-96 (9th Cir. 2013) (substantive due process violations require conduct which shocks the conscience); *Sanchez v. City of Fresno*, 914 F.Supp.2d 1079, 1099-1102 (E.D.Cal. 2012) (seizure and destruction of homeless resident's personal property, including property necessary for his survival and health, stated a plausible substantive due process claim under the "danger creation doctrine").

[2] Although Plaintiff alleges supplemental jurisdiction over unspecified state law claims, the "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

1 | the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 4, 2015**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE